**In re Hunter Odell ROSE.**

**No. A–17846.**

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1972.

Ed Dudley, Durant, for petitioner.

Jack McGahey, Dist. Atty., Bryan County, for respondent.

BRETT, Judge:

This is an original proceeding for a Writ of Habeas Corpus, seeking admission to bail during appeal.

Petitioner, Hunter Odell Rose, was convicted in the District Court of Bryan County, Case No. CRF 71–130, of Larceny of a Motor Vehicle After Former Conviction of a Felony, and sentenced to ten years im-

prisonment. Upon overruling motion for a new trial, the district court, finding the defendant indigent, appointed counsel to represent defendant on appeal. Said appeal has now been lodged with this Court.

The application of defense counsel, for admission to bail, pending appeal, was denied by the district court. The court did not state the reasons for denying bail, nor were they made a part of the record.

The State contends the setting of bail, pending appeal in this case, is moot, since the defendant is presently incarcerated in the penitentiary due to his conviction for bail jumping on a personal recognizance bond. Petitioner was incarcerated in June, 1972, for bail jumping and will be released therefrom on or about December 21, 1972. Although petitioner is now indigent, his parents are agreeable to subject their personal real estate as security for an appeal bail bond.

Title 22 O.S.1971, § 1077 provides in relevant part that the "granting or refusal of bail after judgment of conviction in all other felony cases shall rest in the discretion of the court, however, if bail is refused, the trial court shall state the reason therefor." Denial of appeal bail is reviewable by this Court on habeas corpus. 22 O.S.1971, § 1079.

It would appear that the trial court's refusal of bail on appeal does not comply with the requirements of the foregoing Section 1077, in that the trial court did not state its reasons for denial of bail. Therefore, insofar as an order denying bail pending appeal under these circumstances is appealable to this Court by habeas corpus, petitioner's application for bail pending appeal is not moot. This is true, notwithstanding the fact that petitioner is presently incarcerated on the bail jumping charge.

Therefore, because no reasons have been set forth by either the trial court or the district attorney, except for the state-

ment contained in the district attorney's response, "that the defendant has heretofore been convicted for felonies on ten previous occasions," without fully apprising this Court what the alleged felony convictions were, this Court finds, and it is so ordered, that petitioner is entitled to have bail set in the amount of $10,000 on the sentence of ten years imposed in District Court of Bryan County Case Number CRF–71–130, on August 17, 1972, pending petitioner's appeal to this Court from that conviction; said bond to be conditioned as provided by law, to be approved by the Court Clerk of

Bryan County, Oklahoma; and if said bond is given and approved by the Court Clerk of Bryan County, it is ordered that petitioner be discharged from custody pending the outcome of said appeal.

Writ granted.

BUSSEY, P. J., and BLISS, J., concur.